FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 9, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAMIAN F. LOPEZ,

    Defendant - Appellant.

No. 24-3160
(D.C. No. 6:24-CR-10015-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **BACHARACH**, Circuit Judge.

_____

This appeal involves challenges to a conviction and sentence. The conviction involved possession of a firearm after a felony conviction. 18 U.S.C. § 922(g)(1). The sentence was five years' imprisonment.

The defendant, Mr. Damian Lopez, claims that the underlying criminal statute violated the Second Amendment. But we've rejected this

---

* The parties do not request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

claim and we're bound by our prior decision. *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025), *pet. for cert. filed* (U.S. May 12, 2025) (No. 24-1155).[1]

Mr. Lopez also claims that the sentence was substantively unreasonable. In assessing the substantive reasonableness of the sentence, we consider whether the district court abused its discretion. *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019). Mr. Lopez contends that the district court abused its discretion by failing to consider the need for unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). We reject this claim.

The U.S. Sentencing Commission created guidelines designed to avoid unwarranted sentencing disparities. So a district court necessarily considers the possibility of these disparities when applying a correctly calculated guideline range. *United States v. Garcia*, 946 F.3d 1191, 1215 (10th Cir. 2020).

Mr. Lopez doesn't question the district court's application of the correct guideline range (37 to 46 months' imprisonment). The court applied this guideline, but decided to vary upward based on Mr. Lopez's extensive

---

[1]     The government argues that Mr. Lopez waived this argument, and we assume for the sake of argument that the argument wasn't waived. Even in the absence of a waiver, however, Mr. Lopez admits that the plain-error standard applies and that our precedent would currently foreclose his claim.

criminal history, propensity toward violence, and resistance to arrest. Given the court's application of the guideline range and its explanation for an upward variance, the district court didn't abuse its discretion when sentencing Mr. Lopez to five years in prison.

    We therefore affirm the conviction and sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge